# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 2:21 pm, Sep 05, 2018

| | |
|---|---|
| QUITMAN CLARK, III, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CV418-146 |
| | ) |
| GILBERT L. STACY, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

*Pro se* plaintiff Quitman Clark, III, a detainee at Chatham County Detention Center on cruelty to children and battery charges, alleges in his 42 U.S.C. § 1983 Complaint that his public defender Gilbert Stacy has committed numerous errors in his state criminal case. Doc. 1 at 5-6. The Court granted Clark's request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e).[1]

Clark lists a series of malpractice claims against Stacy: (1) Stacy failed to timely file a speedy trial demand or a bond motion, (2) Stacy

---

[1] Where the plaintiff is proceeding IFP, the Court is required to screen the case and dismiss it at any time the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

breached the "attorney-client privilege" by reporting plaintiff's communications with his daughter to the District Attorney's Office, resulting in plaintiff's arrest, and (3) Stacy failed to fully negotiate the proferred plea deal to plaintiff's satisfaction before voluntarily removing himself from the case (Stacy removed himself due to a "conflict of interest" -- plaintiff had already filed a complaint against Stacy with the Georgia Bar Association). Doc. 1 at 5. But it is well settled that a public defender does not qualify as a state actor for purposes of § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. July 5, 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983). Clark clearly alleges that Stacy was performing traditional lawyer functions in his representation of Clark, not acting under color of state law. In other words, plaintiff has no § 1983 cause of against Stacy. His §1983 Complaint should be **DISMISSED**.[2]

---

[2] To the extent plaintiff believes he can resuscitate these claims, he remains free to

Meanwhile, it is time for Clark to pay his filing fee. His PLRA paperwork reflects $31.35 in average monthly deposits, with an average monthly balance of $122.99. Doc. 6. He therefore owes a $6.27 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $6.27 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next

---

submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   5th   day of

September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA